# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JERMEY WAYNE MOORE, and<br>2) JASMINE M. MOORE, individually,<br><br>     Plaintiffs,<br>v.<br><br>1) JESSE A. DUSEK, an individual d/b/a<br> GLORY EXPRESS TRANSPORTATION;<br>2) SUSAN C. DUSEK, an individual d/b/a<br> GLORY EXPRESS TRANSPORTATION;<br>3) HOME STATE COUNTY MUTUAL<br> INSURANCE COMPANY, a corporation; and<br>4) RYAN C. FORD, an individual; and<br>5) RYKA TRANSPORT, INC., a corporation,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-07-269-JHP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE AND BRIEF IN SUPPORT

COME NOW the Defendants, Defendants, Jesse A. Dusek, Susan C. Dusek, Glory Express Transportation, Home State County Mutual Insurance Company, Ryan C. Ford and Ryka Transportation, Inc., and make the following Response to Plaintiffs' Motions in Limine.

## PROPOSITION I

## DEFENDANTS ARE ENTITLED TO PRESENT EVIDENCE OF OTHER ACCIDENTS AND/OR INJURIES.

Plaintiffs request that this Court issue an order prohibiting mention of other accidents and/or injuries at trial. Plaintiffs provide no authority for excluding this information at trial. According to LCvR7.1(c) and LCvR7.1(n), Plaintiffs must provide their authority for this motion in their brief. Plaintiffs have only provided argument without any support for their motion. Without any authority to support their motion, Plaintiffs' motion must fail.

Moreover, Defendants are entitled to present relevant evidence at trial. Relevant

evidence is admissible at trial. Rule 402, Federal Rules of Evidence. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Federal Rules of Evidence.

Plaintiff's medical records document Plaintiff's pre-existing history of low back pain and left side sciatica. (Exhibit 1, Medical Records of Jermey Moore on 2/14/06) Plaintiff's prior condition was acknowledged and should be introduced at trial as relevant evidence. The Plaintiffs placed their physical conditions at issue by filing this lawsuit and seeking damages for injury. Certainly, evidence of a pre-existing condition due to a prior injury is relevant to determining the causation of damages. Accordingly, evidence pertaining to an accident or injury after the subject motor vehicle accident would be relevant in determining the causation of Plaintiffs' complaints of pain, limitation and damages. As this type of evidence is highly relevant to the issues at the heart of this trial, this evidence should be admitted.

## PROPOSITION II

**COUNSEL IS ENTITLED TO PRESENT DEFENDANTS' CASE FULLY INCLUDING EXPRESSION OF PERSONAL BELIEFS**

Plaintiffs listed in their motions in limine a request that defense counsel not be allowed to express any personal belief concerning the credibility of any witness, as to the merits of Plaintiffs' claims, injuries or damages. This motion is unsupported by a brief with legal authority as required under LCvR7.1(c) and (n). Plaintiffs cannot limit the ability of defense counsel to properly defend the case at trial. It is necessary and proper for counsel to advocate the Defendants' case at trial including expressing his beliefs concerning evidence, witnesses, injuries and/or damages. Counsel is allowed to fully present his position including these beliefs during closing arguments. To prohibit defense counsel's ability to fully present a defense would prevent Defendants from receiving a fair trial on the

merits.

## PROPOSITION III

### DEFENDANTS MAY DISCLOSE THE REASON A WITNESS IS UNAVAILABLE AT TRIAL.

Again, this motion of Plaintiffs is not supported by any brief with legal authority as required by LCvR7.1. There is no basis for refusing to allow disclosure of the reason a witness may not be available for trial. While Defendants do not plan to attempt to offer testimony without a proper basis, there is no prohibition from disclosure of the witness's reason for not being present at trial.

## PROPOSITION IV

### DEFENDANTS HAVE LISTED THEIR EXHIBITS IN THE PRETRIAL ORDER, AS REQUIRED, EXCEPT FOR EXHIBITS FOR IMPEACHMENT.

Judge Payne's Pretrial Report Form specifically states that exhibits used for impeachment purposes do not need to be listed.

> <u>Exhibit list shall not include: (1)items, or documents intended to be used solely for impeachment or rebuttal purposes</u>; (2) Expert curriculum vitae or expert reports; (3) depositions; (4) demonstrative aids. (Emphasis ours)

Plaintiffs attempt to foreclose Defendants' right to introduce exhibits for impeachment purposes if such exhibits are deemed necessary during trial. Defendants are entitled to use what impeachment evidence may be implicated during trial. Defendants cannot anticipate what each witness will say, and therefore cannot predict what impeachment evidence Defendants will need at trial.

## PROPOSITION V

### DEFENDANTS ARE ENTITLED TO INTRODUCE RELEVANT EVIDENCE PERTAINING TO PLAINTIFFS' ALLEGED INJURIES, DAMAGES OR OTHER CONDITIONS AT TRIAL.

As stated in Proposition I, relevant evidence is admissible at trial. Rule 402, Federal Rules of Evidence. (See also, Defendants' Proposition I) Plaintiffs have placed their

conditions at issue in this case. Plaintiffs have alleged injuries and damages resulting from the subject motor vehicle accident. Defendants are entitled to introduce relevant evidence to defend Plaintiffs' claims. To exclude mention of other injuries, accidents, conditions or other problems related to the areas Plaintiffs seek to obtain damages for, would limit Defendants' ability to defend the case and deny Defendants the right to a fair trial on the merits of the case.

**WHEREFORE**, the Defendants, Jesse A. Dusek an individual d/b/a Glory Express Transportation, Susan C. Dusek an individual d/b/a Glory Express Transportation, Home State County Mutual Insurance Company, Ryan C. Ford and Ryka Transportation, Inc., respectfully request that the Court deny Plaintiffs' Motions in Limine.

Respectfully submitted,

/s/ Dan K. Jones
Robert B. Mills, OBA #6239
Dan K. Jones, OBA #16940
THE MILLS LAW FIRM
Robinson Renaissance, Suite 500
119 North Robinson
Oklahoma City, Oklahoma 73102
(405) 239-2501-t (405) 239-2575-f
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records

currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

William J. Ervin, Jr., Esq.
William J. Ervin, Sr., Esq.
ERVIN & ERVIN
Post Office Box 1449
McAlester, Oklahoma  74502
(918) 423-4242-t   (918) 423-4243-f
Email: ervinjoe@sbcglobal.net

/s/Dan K. Jones