IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JERMEY WAYNE MOORE, and ) <br> (2) JASMINE M. MOORE, individually, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> (1) JESSE A. DUSEK, an individual d/b/a ) <br> GLORY EXPRESS TRANSPORTATION; ) <br> (2) SUSAN C. DUSEK, an individual d/b/a ) <br> GLORY EXPRESS TRANSPORTATION; ) <br> (3) HOME STATE COUNTY MUTUAL ) <br> INSURANCE COMPANY, a corporation; ) <br> (4) RYAN C. FORD, an individual; and ) <br> (5) RYKA TRANSPORT, INC., a corporation, ) <br> ) <br> Defendants. ) | Case No. CIV-07-269-JHP |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
REGARDING THE PROPER STANDARD OF CARE FOR A DRIVER**

Come Now the Plaintiffs, by and through counsel, and for their Response to Defendants' Motion in Limine Regarding the Proper Standard of Care for a Driver and allege and state as follows:

Defendants' instant motion seeks to exclude all evidence or mention by counsel for Plaintiffs, or any of Plaintiffs witnesses of an alleged higher standard of care for a truck driver. In support for the said motion Defendants cite to the deposition testimony of Ryan C. Ford, where counsel is inquiring about the education, training and standards of "Professional Truck Drivers". Defendants then recite the ordinary care definition contained in OUJI 9.2, for the proposition that Defendant Ford "cannot be held to any other standard than that applicable to 'a reasonably careful person'". Defendants further

state that such testimony, if allowed will mislead or confuse the jury, by giving them two standards, one higher than that of negligence and ordinary care. Plaintiffs disagree.

Defendant, Ryan Ford has admitted he is or was a "Professional Truck Driver" that received special training and CDL licensure over and above that of the "Ordinary Driver", further as the operator of a commercial motor vehicle engaged in the interstate transportation of goods he has also admitted that he is subject to the Federal Motor Carrier Safety Regulations (FMCSR). Plaintiffs would also like to point out that to obtain a CDL the operator must meet physical requirements in excess of the ordinary operator, additional age requirements, training requirement, road tests, etc. Further Oklahoma like most states, has statutory code provisions that pertain only to commercial carriers and operation of drivers of commercial motor vehicles.

The proper standard has always been 'ordinary care' is that degree of care which ordinarily prudent and **competent persons engaged in the same line of business or endeavor should exercise under similar circumstances**. This was addressed in Warner v. Kiowa County Hospital Authority, 551 P.2d 1179 (Okl.App. 1976), in holding "Thus the rule is that 'ordinary care' is that degree of care which ordinarily prudent and competent persons engaged in the same line of business or endeavor should exercise under similar circumstances." See also Atchison, T. & S.F. Ry. v. Kennard, 181 P.2d 234 (1946); Oklahoma Gas & Elec. Co. v. Wilson, 45 P.2d 720 (1935). The term 'ordinary care' in law means the same as 'due care' and 'reasonable care.' Denco Bus Co. v. Keller, 212 P.2d 469 (1949). And reasonable care "demands increased watchfulness and greater caution" in the presence of increased dangers and of circumstances pregnant with the potential for harm. Texas Cc. v. Robb, 212 P. 318 (1923).

Mitchell v. Griffin Television, L.L.C., 60 P.3d 1058 (Okla.Civ.App. Div. 3, 2002), Negligence is the failure to exercise ordinary care, which is "that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under similar circumstances." Martin v. Griffin Television, Inc., 549 P.2d 85, 92 (Okla.1976).  See also Keel v. Titan Const. Corp., 639 P.2d 1228 (Okl., 1981).

In addition to the ordinarily prudent persons engaged in the same kind of business, statutes or regulations applicable to a person or industry can also impose a higher standard of care.

The FMCSR set forth the minimum standards under which a tractor-trailer can be operated. There can be higher standards, but never lower standards. Specifically, FMCSR 49 C.F.R. 392.2 states:

> "**Every Commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Highway Regulation must be complied with**. (emphasis added)

In Thurston v. Ballou, 505 N.E.2d 888 (Mass. App. Ct. 1987), the court held that where state and federal law both applied, the federal law set forth the higher standard and therefore must be followed. If the state standard had been higher, it would have controlled. See id.; See also String v. FreemanTruck Line, Inc., 456 So. 2d 698 (Miss 1984).

Further in addressing the proper standard of care under Oklahoma Law, the Court in Gaines-Tabb v. ICI Explosives USA, Inc. 995 F.Supp. 1304, 1319 (W.D.Okla.,1996) held "If there are criminal or regulatory statutes which limit or circumscribe defendants' conduct, a court may adopt the standard prescribed by the statutes as that which would be expected of reasonably prudent persons, provided the court finds that the statutorily required conduct is appropriate for establishing civil liability." citing *Busby v. Quail Creek Golf & Country Club,* 885 P.2d at 1329; *Mansfield v. Circle K Corp.,* 877 P.2d at 1132. When a court adopts the statutory standard for a negligence cause of action, the violation of the statute is said to be negligence *per se. Id.*

The Oklahoma Supreme Court expanded on the above provisions by addressing the special circumstances or the duty of ordinary care in the performance of a person placed special employment situations, in Union Bank of Tucson, Arizona v. Griffin, 771 P.2d 219 (Okla. 1989) holding "The law imposes upon a person engaged in the prosecution of any work an obligation to use ordinary care to perform it in such a manner as not to endanger the property of others. Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury." (emphasis added) *Bradford Securities Processing Services, Inc. v. Plaza Bank & Trust,* 653 P.2d 188 (Okla1982).

Oklahoma's adoption of the FMCSR's and the Commercial Carrier Code have recognized a higher standard of care for such commercial carriers and their drivers. As a result Defendant Ryan C. Ford is not held to the standard of an ordinary driver of a motor vehicle, but rather is held to the standard of a reasonable and prudent professional truck

driver, subject to the statutory restrictions and conditions attendant to that profession. One standard, not two, and not in conflict with the law of negligence in Oklahoma.

Wherefore premises considered the Plaintiffs respectfully request that Defendants' Motion in Limine Regarding the Proper Standard of Care for a Driver be denied and that the case be presented on its merits, without such limitations, conditions or restrictions.

---

Respectfully Submitted,


By: /s/ William J. Ervin, Jr.
William J. Ervin, Jr., OBA# 16831
William J. Ervin, Sr., OBA# 2756
Ervin & Ervin, Attorneys at Law, L.L.P.
P.O. Box 1449
McAlester, Oklahoma 74502
(Phone) (918) 423-4242
(Fax)    (918) 423-4243
(email)   ervinjoe@sbcglobal.net

CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant(s):

Robert B. Mills, Esq.
Dan K. Jones, Esq.
The Mills Law Firm
Robinson Renaissance, Suite 500
119 North Robinson
Oklahoma City, Oklahoma 73102
Attorneys for Defendants
Email: attymail@millsfirm.com

                    By: /s/ William J. Ervin, Jr.
                    William J. Ervin, Jr., OBA# 16831